Ruffin, C. J.
 

 As the plaintiff gave no evidence, that his bargainor retained property sufficient for the satisfaction of his other creditors at the time he made the deed, it would, by force of the acts of 1715 and 1840, be void as against those creditors, unless founded upon an adequate valuable consideration. That position cannot be contested. But it is agreed, that the debts mentioned in the deed con
 
 *289
 
 stitute a sufficient consideration to render the deed
 
 bona fide
 
 and sustain it. So they would, if the plaintiff had made it appear, that those debts existed; for, it has been often held, that deeds of trust of this kind are not invalid by reason of the nominal sum stated in them to have been paid by the trustee, in order to make the instrument operative under the statute of uses, but that recourse may be had to the debts to supply the consideration necessary to the
 
 bona fides
 
 of the deed, which would otherwise be deficient. It seems manifest, then, that the existence of the debts must be established, or a sufficient number of them, to satisfy the jury, that the deed was not intended as a colorable security for fictitious debts, but was made to the intent of honestly securing real debts. For, if the deed, instead of purporting to be a mortgage or deed of trust for the security of debts, purported to be an absolute conveyance for an adequate consideration in money paid, the deed itself w ould not be evidence, as against purchasers or creditors* that any part of the money was paid, but the bargainee would be obliged to prove the fact
 
 aliunde. Claywell
 
 v
 
 McGimsey,
 
 4 Dev. 89. Of course, it is equally necessary the _ trustee in support of this deed should show the debts it professes to secure — since the debts, as a consideration, stand iii this deed in the place of the pecuniary consideration in the other. The Court does not m,ea.n to lay it down, that the debts must be traced back by the trustee to their origin, so as in the first instance to be conclusively established to be
 
 boma-fide;
 
 for,, to. the purpose under discussion, the securities for the debts, as judgments, bonds, or notes, in themselves create debts, and; therefore, they
 
 prima facie
 
 sustain the de,ed, until impeached by its being shown, that they were given for pretended, and not true, debts;
 
 Hafner v Irwin, 4
 
 Ire. 529. But,'the
 
 onus
 
 is clearly on him who sets up title under the deed, to give the
 
 prima facie
 
 evidence of the existence of the debts in the schedule, or-some of them, at least, by producing and proving the evi
 
 *290
 
 dences of them, as constituting the
 
 bona fide
 
 consideration necessary to support the deed. Indeed, if the law did not impose that duty on that side, it would be almost impossible for the other side to investigate the origin and subsistence of the alleged debts, and fraudulent and false recitals would be allowed to establish their truth against those, whom it is the purpose of the law to protect.
 

 Per Curiam. Judgment affirmed.